UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RICHARD JAMES BASSETT, JR.,

    Plaintiff,

v.                                                                  Case No. 5:12-cv-539-Oc-17PRL

USA,

    Defendant.

_____/

## ORDER

This cause is before the Court on the Motion for Summary Judgment (the "Motion") (Doc. 32) filed by Defendant. Plaintiff was notified by Order of the Court of his right to respond to the Motion and to file affidavits and other documents in opposition to the Motion (Doc. 17). Plaintiff thereafter filed a response (Doc. 37), a memorandum of law (Doc. 38), and a supplemental response (Doc. 39) to the Motion. For the reasons set forth below, the Motion will be granted.

### I. FACTUAL BACKGROUND

#### A.    Plaintiff's Allegations

Plaintiff, who is incarcerated at the Federal Correctional Facility in Coleman, Florida (the "FCI") and is proceeding *pro se*, filed the Amended Complaint on the civil rights complaint form for prisoners in actions under 28 U.S.C. § 1331 or § 1346 (Doc. 14). The Federal Tort Claims Act (the "FTCA") provides a mechanism by which a plaintiff may bring a state law tort action against the federal government in federal court. All actions brought pursuant to the FTCA must be brought against the United States of

America and not in the name of the allegedly negligent agency, entity or employee. 28 U.S.C. §§ 2671–2680; 28 U.S.C. § 1346(b). Plaintiff was a prisoner in the FCI when the events described in his Amended Complaint occurred.

Plaintiff alleges that, on August 18, 2011, he "was walking across C-Unit day room floor between the times of 11:am [sic] and 12:pm [sic] [and] I slip[ped] onto my back was due to striper that was being applied to strip wax off the floor." *See* Doc. 14 at 8. He was sent to the FCI's medical department on August 18, 2011, and the medical personnel told him to return the next day. *Id.* He did not return until August 23, 2011, and, at that time, the medical personnel examined him and prescribed "seven (7) days worth of Ibuprofen 800 mg . . . ." *Id.*

Plaintiff returned to the medical department on September 9, 2011, because he was experiencing back pain and numbness in his right arm; however, the medical personnel did not prescribe medication. *Id.* He again returned to the medical department on October 10, 2011, because of back pain, and the medical personnel prescribed "Meloxican 15 mg . . . ." *Id.* On October 25, 2011, the medical personnel took x-rays of his back. *Id.*

Plaintiff states that Defendant "failed to adequate[ly] train inmates that perform janitor duties when cleaning the floor" and that the inmates cleaning the floor "failed to place any slipper[y] [when] wet sign in the area where" he slipped. *Id.* at 9. Plaintiff states that he suffers from back pain, neck pain, and headaches as a result of the fall. *Id.* at 11. He seeks damages in the amount of $50,000. *Id.* at 10.

### B. Defendant's Statement of Material Facts

Defendant submitted (1) the Declaration and Certification of Records by Dr. Alex Seda ("Seda Decl."), a Staff Physician at FCI who reviewed Plaintiff's medical records, *see* Doc. 32-1; (2) Plaintiff's medical records, *see* Doc. 32-2; and (3) the Declaration of Adrian Clinton ("Clinton Decl."), the Assistant Supervisor of Recreation at FCI, *see* Doc. 32-3. Following the fall, Plaintiff went to the medical department, and the medical personnel's examination showed "no bruising or bulging on his back or neck." Seda Decl., Doc. 32-1, ¶ 5. Plaintiff "was educated regarding worsening of symptoms and advised to return to sick call if his condition worsened." *Id.* Plaintiff reported at the time "only minor pain" and that "I'll probably feel it in the morning." Doc. 32-2.

At the time of the fall, Plaintiff was employed as an inmate-instructor for jump rope class and core training class. Clinton Decl., Doc. 32-3, ¶¶ 3-5. Plaintiff taught these classes before his fall on August 18, 2011 and he continued to do so as of December 10, 2013. *Id.* at ¶¶ 4, 8. While teaching these classes, Plaintiff actively participated in the exercises. *Id.* at ¶ 8. Of note, on August 19, 2011 (the day following the fall), Plaintiff led his jump rope class, and on August 22, 2011, he again led his jump rope class. *Id.* at ¶ 4.

In addition, before and after the fall, Plaintiff was employed by the recreation department as a Detail Orderly, which required him to collect six to eight 5-gallon water bottles, fill them with water and ice, load them onto a metal cart, push/pull them to other locations, and then unload them on the softball field. *Id.* at ¶ 9.

3

On August 23, 2011, Plaintiff returned to the medical department complaining of pain in his upper back and lumbar area. Seda Decl., Doc. 32-1, ¶ 6. Plaintiff was diagnosed with a muscle spasm and was given a seven day supply of ibuprofen, with instructions to return if the condition became worse. *Id.* Plaintiff then led his jump rope class on August 27, 29, and 31, 2011. Clinton Decl., Doc. 32-3, ¶ 4.

On September 9, 2011, Plaintiff returned to the medical department, and the examination of his spine was normal, with full range of motion, and no muscle spasms noted. Seda Decl., Doc. 32-1, ¶ 7. He was prescribed a pain medication and advised to return if the problem persisted. *Id.*

Plaintiff appeared at the medical department on October 20, 2011, and some tenderness was found, but no swelling, muscle spasms, or trauma. *Id.* at ¶ 8. Plaintiff was prescribed pain medication, and x-rays were ordered. *Id.* The x-rays were taken on October 25, 2011, and were normal. *Id.* at ¶ 9. The x-rays did show some possible osteoarthritis, which is a chronic condition and a normal finding due to the natural aging process. *Id.*

Plaintiff next appeared at the medical department on August 15, 2012, and he was found to be normal with full range of motion and no tenderness. *Id.* at ¶ 10. On September 5, 2012, he reported to the medical department because of back and neck pain. *Id.* He claimed to be performing various exercises, including body squats, jump rope, and cardio exercises three times a week for more than thirty minutes at a time. *Id.* His examination was normal, but another x-ray was ordered. *Id.* Plaintiff also

4

mentioned during this visit that "he had an accident of [sic] fall from the top bunk and got injured to his back about a year ago . . . ." Doc. 32-2.

The results of the x-ray were essentially normal except for mild osteoarthritis, which was chronic and could be related to the normal aging process. Seda Decl., Doc. 32-1, ¶ 12. Dr. Seda opined that Plaintiff was "a relatively healthy patient who is physically active and engaging in moderated to high impact aerobic exercises. The symptoms he describes are related to osteoarthritis and not to any other spinal pathology and would not impact his ability to conduct his daily activities." *Id.* at ¶ 14.

### C.   Plaintiff's Response

Plaintiff asserts that he suffered "physical pain as result of His [sic] slip and fall, [and] the records indicated medication was provided on numerous occasions for His [sic] pain and suffering." *See* Doc. No. 39 at 2. He states that he did act as an instructor at the jump rope classes in August 2011 but that he "instructed by way of an [sic] DVD" during the classes in August 2011. *Id.* He acknowledges becoming a "Core instructor" but asserts that his instructor status occurred in April 2013. *Id.* He also states that another inmate assisted him in loading the water coolers during his work detail. *Id.* at 4.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only if it is shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has explained the summary judgment standard as follows:

5

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some elements of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322–324. If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party, to come forward with sufficient evidence to rebut this showing with affidavits or other relevant and admissible evidence. *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1992).

### III. DISCUSSION

Liability in an FTCA action is determined in accordance with the law of the place where the government's act or omission occurred, which in this case is Florida. *See Stevens v. Battelle Memorial Institute*, 488 F.3d 896, 899 n.3 (11th Cir. 2007). Under Florida law, the following elements are necessary to establish a negligence claim:

> 1. A duty, or obligation, recognized by the law, requiring the [defendant] to conform to a certain standard of conduct, for the protection of others against unreasonable risks.

2. A failure on the [defendant's] part to conform to the standard required: a breach of the duty . . . .

3. A reasonably close causal connection between the conduct and the resulting injury. This is what is commonly known as "legal cause," or "proximate cause," and which includes the notion of cause in fact.

4. Actual loss or damage . . . .

*Curd v. Mosaic Fertilizer, LLC*, 39 So. 3d 1216, 1227 (Fla. 2010) (citations omitted).

Defendant argues that, "even if the Plaintiff's slip and fall was due to the negligence of the United States (which is disputed), the Plaintiff is not able to show that the accident caused any injury." *See* Doc. No. 32 at 7. Defendant notes that Plaintiff's medical records fail to show that he suffered any injury and that, the day after the incident, Plaintiff "led his vigorous jump rope class." *Id.* Defendants further note that Plaintiff regularly engaged in strenuous exercise and employment long after the incident occurred, that x-rays revealed only degenerative changes associated with age, and that Dr. Seda related Plaintiff's complaints to osteoarthritis and not to any spinal pathology. *Id.*

Aside from conclusory allegations, Plaintiff failed to come forward with any evidence whatsoever to rebut the evidence presented by Defendant. As noted above, the elements of a negligence action under Florida law "are the existence of a duty, a breach of the duty, a causal connection between the conduct and the resulting injury, and actual damage." *Whritenour v. Thompson*, 145 So. 3d 870, 783 (Fla. 2d DCA 2014).

In the present case, cannot point to sufficient evidence from the medical records or otherwise that he has sustained any injury. The records submitted by Defendant

7

reflect that Plaintiff reported "minor" back pain on the day of the incident and that the examination revealed "no acute findings." See Doc. No. 32-2 at 2. Plaintiff was told by the medical personnel to return if the problem worsened. *Id.* Plaintiff did not return; instead, he instructed his jump rope class the next morning. *See* Clinton Decl., Doc. 32-3, ¶ 4.

On the few occasions Plaintiff returned to the medical department, he was found to have full range of motion. In fact, Plaintiff has continued to teach vigorous exercise classes and to maintain a job that requires him to life heavy water bottles. Moreover, Plaintiff acknowledges that he became the "Core instructor" in April 2013. Doc. No. 39 at 2. Ultimately, the records reveal that Plaintiff suffers from age-related osteoarthritis, which is not related to any other spinal pathology and does not impact his ability to conduct his daily activities. *See* Seda Decl., Doc. 32-1, ¶ 14.

Here, Plaintiff presents no evidence of injury and therefore cannot sustain a claim for negligence under the FTCA. While Plaintiff claims to have suffered an injury, the medical records and the evidence plainly reveal that such an injury is purely speculative in nature, and, as a result, Plaintiff fails to raise a genuine issue of material fact. Consequently, his negligence claim under the FTCA fails.

### IV. CONCLUSION

For the foregoing reasons, the Motion is granted, and Defendant is entitled to summary judgment as a matter of law on Plaintiff's claims.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion for Summary Judgment (Doc. 32) filed by Defendant is **GRANTED**, and Defendant is entitled to summary judgment as a matter of law on Plaintiff's claims. The Clerk of the Court is directed to enter a judgment in favor of Defendants and against Plaintiff.

2. The Clerk of the Court is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 16th, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:
OrlP-2 1/13
Richard James Bassett, Jr.
Counsel of Record